# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-022V
(Filed September 30, 2014)
**NOT TO BE PUBLISHED**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| AUSTIN DIXON, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | |
| | * | |
| v. | * | Entitlement; Hepatitis A ("hep A") Vaccine; |
| | * | Meningococcal ("Menactra") Vaccine; |
| SECRETARY OF HEALTH AND | * | Conceded |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Lindsay Corliss*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## RULING FINDING ENTITLEMENT[1]

On January 10, 2013, Tina Dixon and Jerry Dixon, as parents of their minor child A.D., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Thereafter, A.D. reached the age of majority and became the formal Petitioner in this case. Petitioner alleges that A.D. suffered from a Guillain-Barré syndrome ("GBS") as a result of receiving the hepatitis A ("hep A") and meningococcal ("Menactra") vaccinations on February 12, 2010.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

For the first year of this action, Petitioner filed medical records and an expert report. Then, in her Rule 4(c) Report, filed on June 24, 2014, Respondent indicated that the Petitioner's claim was compensable under the Act. Respondent specifically stated that the Division of Vaccine Injury Compensation (DVIC), Department of Health and Human Services, had reviewed the facts of this case and has concluded that "when faced with similar evidence in the past, some special masters have found such evidence sufficient to satisfy petitioners' burden of proving causation." Respondent therefore determined that "she will not further defend entitlement in this case." The parties both indicated their general desire to settle the action, and have noted that they are largely in agreement on other damages components, although it may take some effort to resolve the remaining issue(s).

During a status conference on September 30, 2014, Respondent reiterated that it was her intention to concede entitlement in this case, but indicated that some questions remained about damages. Specifically, Respondent questions whether certain symptoms that Petitioner continues to experience and require treatment for are a product of the vaccine related injury.

In view of Respondent's concession, and based on my own review of the record (*See* § 300aa-13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2).

Next Steps:

**On or before October 31, 2014, the parties shall file a joint status report regarding the status of their settlement negotiations, with respect to the open issue(s) identified during today's status conference.**

Any questions may be directed to my law clerk, Ashley Yull, at (202) 357-6391.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master