# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-022V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| AUSTIN DIXON, | \* | Filed: April 2, 2015 |
| | \* | |
| | \* | Decision by Proffer; Damages; |
| Petitioner, | \* | Guillain-Barré Syndrome ("GBS"); |
| | \* | Hepatitis A ("Hep A") Vaccine; |
| v. | \* | Meningococcal ("Menactra") |
| | \* | Vaccine |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Ryan Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 10, 2013, Tina Dixon and Jerry Dixon, as parents of their minor child Austin Dixon, field a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Thereafter, Austin Dixon reached the age of majority and became the named Petitioner in this case by order dated April 8, 2013. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of receiving the hepatitis A ("hep A") and meningococcal ("Menactra") vaccinations on February 12, 2010.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

In her Rule 4(c) report, filed on June 24, 2014, Respondent stated that the Division of Vaccine Injury Compensation, Department of Health and Human Services, had reviewed the facts of this case and concluded that "when faced with similar evidence in the past, some special masters have found such evidence sufficient to satisfy petitioners' burden of proving causation." The report indicated that Respondent therefore determined that "she will not further defend entitlement in this case." During a status conference on September 30, 2014, Respondent reiterated that it was her intention to concede entitlement in this case. In view of Respondent's concession, and based on my own review of the record, I issued a ruling that same day finding that Petitioner had established that he was entitled to compensation for the injury.

On April 1, 2015, Respondent filed a proffer proposing an award of compensation. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $157,563.00 in the form of a check payable to Petitioner.

This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled. Proffer at 1.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AUSTIN DIXON,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 13-22V<br>Special Master Brian Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 24, 2014, respondent filed her Rule 4(c) Report, in which she requested that the court rule on the record as it then stood. On September 30, 2014, the Court issued a Ruling Finding Entitlement, finding that petitioner is entitled to compensation. Respondent now proffers that petitioner receive an award of a lump sum of **$157,563.00** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled. This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of $157,563.00.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

1

2

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        VORIS E. JOHNSON, JR.
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ RYAN D. PYLES</u>
        RYAN D. PYLES
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, DC 20044-0146
        Tel: (202) 616-9847

Dated: April 1, 2015