# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-022V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AUSTIN DIXON,

      Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

Filed: November 23, 2015

Hepatitis A ("hep A") Vaccine;
Meningococcal ("Menactra") Vaccine;
Guillain-Barré Syndrome ("GBS");
Attorney's Fees and Costs

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Ryan Pyles*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS AWARD[1]

On January 10, 2013, Tina Dixon and Jerry Dixon, as parents of their minor child A.D., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Thereafter, A.D. reached the age of majority and became the formal Petitioner in this case. Petitioner alleges that he suffered from Guillain-Barré syndrome as a result of receiving the hepatitis A and meningococcal vaccinations on February 12, 2010.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002 (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2012)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Respondent conceded entitlement in the matter, and then the parties filed a stipulation to damages, which was reduced to a judgment on April 17, 2015 (ECF No. 66). Thereafter Petitioner's counsel filed an application for fees and costs, amending that application on October 13, 2015 (ECF No. 72).[3] Petitioner requests an award of fees and costs for his counsel in this case – the law firm of Conway, Homer & Chin-Caplan, PC [the "Homer Firm"] – in the total amount of $51,696.22. (ECF No. 72). This sum reflects attorney's fees of $42,844.00, plus costs of $8,852.22. ECF No. 72, Tabs A and B. In addition, pursuant to General Order No. 9, Petitioner has filed a signed notice (ECF No. 70) stating that he did not personally incur any out-of-pocket litigation expenses in proceeding on the petition.

Respondent filed a document responding to the original fees application on October 2, 2015 (ECF No. 71). In it, she incorporated by reference objections she has raised in parallel cases[4] also featuring disputes about the proper hourly rate to be awarded the Homer Firm, but deferred to my discretion the resolution of the present fees application.

As Respondent is aware, in a recent fees decision, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293, ECF No. 148 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *reconsid. den'd*, ECF No. 151 (Fed. Cl. Spec. Mstr. Sept. 21, 2015), Special Master Gowen extensively considered appropriate hourly rates for the Homer Firm attorneys in Vaccine Program cases, based on (i) the prevailing rate for comparable legal work within the forum of Washington, D.C.; (ii) the prevailing rate for cases in the Vaccine Program; (iii) the experience of the attorney both generally and within the Vaccine Program more specifically; (iv) the quality of their work; and (v) their reputation in the legal community and the community at large. Although (by invoking arguments made in a different case) Respondent lodges some objection to the hourly rates requested herein, in light of *McCulloch* she declines to further litigate the matter. Respondent further indicated that "nothing contained in this response should be construed as an admission, concession, or waiver by respondent as to any of the matters raised by the instant Fee Application, including but not limited to, the hourly rates requested, the number of hours requested, and other litigation related costs"

---

[3] Petitioner's original fees and costs application was filed on September 18, 2015 (ECF No. 69). Petitioner filed an amended version of the application in October in order to take into account relevant legal developments (as discussed herein in more detail) regarding the proper rates to be paid to the attorneys in this case. It is the amended version that fully states Petitioner's fees and costs request.

[4] In particular, Respondent references arguments made in the separate fees dispute in the case *Dolloff v. Sec'y of Health & Human Servs.,* No. 13-731V. In *Dolloff*, I considered the rates requested by the Homer Firm, and despite Respondent's objections, accepted the reasoning and rates established in a different matter. *Dolloff v. Sec'y of Health & Human Servs.*, No. 13-731, slip. op., at *3 (Fed. Cl. Spec. Mstr. Nov. 23, 2015) (citing *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec Mstr. Sept. 1, 2015), *reconsid. den'd*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015)).

(*Id.* at 2, fn. 1), but did not actually raise any objection in her response to the number of hours billed by petitioner's counsel or to any of the costs attributed to either petitioner or her counsel.[5]

The Vaccine Act permits an award of reasonable attorney's fees and costs to prevailing petitioners. Section 300 aa-15(e). I find the reasoning of *McCulloch* persuasive as to the proper hourly rates to be applied to the work of Homer Firm attorneys, and see no independent reason in the file to limit the award, either because the hours expended were unreasonable or on any other basis. I approve the requested amount for attorney's fees and costs as reasonable.[6]

Accordingly, an award should be made in the form of a check in the amount of $51,696.22, representing attorney's fees and costs, payable jointly to Petitioner and Petitioner's counsel, Conway, Homer & Chin-Caplan, PC. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

                                                                      /s/ Brian H. Corcoran
                                                                         Brian H. Corcoran
                                                                          Special Master

---

[5] Respondent raised specific objections in *Dolloff. Dolloff*, ECF No. 35. While Respondent references those arguments, she does not indicate any specific reason for cutting the hours in this case. I am not obligated to engage in a line-by-line analysis of the billing record, and do not see any reason to reduce the number of hours billed in this case. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993) (approving the special master's elimination of fifty percent of the hours claimed).

[6] I have in other cases reduced hours billed for fees related to fees disputes given the overlap between this case and the similarly-situated case of *McCulloch*, among others. However, the total time billed for litigating this fees dispute is .9 hours. Given the modest amount billed for this issue (less than one hour), I will allow Petitioner's counsel to recover for this work.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.